IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JVASEZO EZZAY TWILLIE,

    Plaintiff,

v.

BOBBITT, et al.,

    Defendants.

CIVIL ACTION NO.: 6:18-cv-91

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment, filed on April 22, 2021.  Doc. 55.  Plaintiff filed a Response.  Doc. 59.  Defendants filed a Reply.  Doc. 60.  For the following reasons, I **RECOMMEND** the Court **GRANT** Defendants' Motion for Summary Judgment, **DIRECT** the Clerk of Court to enter the appropriate judgment and **CLOSE** this case, and **DENY** Plaintiff *in forma pauperis* status on appeal.

## PROCEDURAL HISTORY

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983 while incarcerated at Georgia State Prison in Reidsville, Georgia.[1]  Doc. 1.  After conducting frivolity review, the Court permitted Plaintiff's Eighth Amendment claims against Defendants Bobbitt, Davis, Heard, Hitchcock, Shuemake, Waynick, and Woods to proceed.[2]  Doc. 10.

---

[1]     Plaintiff is currently incarcerated at Baldwin State Prison in Hardwick, Georgia.

[2]     Defendants Heard and Shuemake are incorrectly identified on the docket in this matter as Defendants "Herd" and "Shuemaker," respectively.  The Clerk of Court is **DIRECTED** to correct the docket to reflect the correct spelling of these Defendants' last names.

Plaintiff alleges Defendant Bobbitt ordered Defendant Davis to keep Plaintiff in restraints in the holding area because he behaved inappropriately during court. Doc. 1 at 6. Plaintiff further alleges Defendant Davis, along with Defendants Heard, Hitchcock, Shuemake, Waynick, and Woods left Plaintiff in the holding area at Georgia State Prison, restrained for hours, despite him telling them he needed to use the bathroom and showing them the cuts on his wrists from the restraints. Id. at 6–7. According to Plaintiff, this resulted in the restraints on his wrists cutting him and causing him to bleed and defecate on himself, as he was unable to use the bathroom while restrained. Id. at 7–8. Finally, when Plaintiff was removed from the cell and his restraints, he alleges he was not provided medical attention. Plaintiff contends these actions by Defendants violate his Eighth Amendment rights and brings a conditions-of-confinement claim and a denial-of-medical treatment claim against Defendants. Id. Defendants now move for summary judgment as to Plaintiff's claims. Doc. 55.

**UNDISPUTED MATERIAL FACTS**

Local Rule 56.1 of the Southern District of Georgia provides a party moving for summary judgment must include "a separate, short, and concise statement of the material facts as to which it is contended there exists no genuine dispute to be tried as well as any conclusions of law thereof." Local R. 56.1. Defendants submitted a Statement of Material Fact ("SMF") in support of their Motion for Summary Judgment, in accordance with the Federal Rules of Civil Procedure and Local Rule 56.1. Doc. 49-1. Defendants' SMF relies on Plaintiff's deposition and the Declarations of Defendants Bobbitt, Davis, Heard, Hitchcock, Shuemake, and Woods. Docs. 55-3 to 55-9.

Plaintiff filed a Response to Defendants' Motion, which consisted of 10 pages of argument and factual assertions, almost entirely unsupported by citations or facts in the record.

2

Doc. 55 at 1–10.  Plaintiff provided additional support for his Response, which included sick calls requests, grievances, responses to grievances, interrogatory responses from Defendants, and purported declarations from Kevin Jackson and Deon Dorsey.  Id. at 11–46.  However, Plaintiff provides almost no citations to this evidence in his Response.  Moreover, Plaintiff states he accepts Defendants' SMF for purposes for summary judgment.  Id. at 2, 8; Doc. 60 at 1.

Because Plaintiff accepts as true Defendants' SMF and did not satisfy Local Rule 56.1 by filing a response to Defendants' SMF supported by the record, all facts proffered by Defendants that have evidentiary support in the record are deemed admitted.  See Local R. 56.1; Fed. R. Civ. P. 56(e); see also Williams v. Slack, 438 F. App'x 848, 849–50 (11th Cir. 2011) (finding no error in deeming defendants' material facts admitted where pro se prisoner failed to respond with specific citations to evidence and otherwise failed to state valid objections); Scoggins v. Arrow Trucking Co., 92 F. Supp. 2d 1372, 1373 n.1 (S.D. Ga. 2000) (finding, under Local Rule 56.1 and Eleventh Circuit precedent, "all unopposed fact statements supported by the evidentiary materials of record are deemed admitted").

In light of these circumstances, the Court identifies the following undisputed, material facts for the purposes of evaluating Defendants' Motion for Summary Judgment:

Plaintiff was an inmate at Georgia State Prison ("GSP") when the events forming the basis of his Complaint allegedly occurred.  At the time, Defendant Bobbitt was the Deputy Warden of Security at GSP, and Defendants Shuemake, Davis, Woods, Heard, Hitchcock, and Waynick were correctional officers at GSP.  Doc. 55-2 at 2.

On November 20, 2018, Plaintiff went to the Superior Court of Tattnall County related to criminal charges arising from a riot that had occurred at Smith State Prison, where Plaintiff was previously incarcerated.  Id.  Around 7:00 that morning, while Plaintiff was in GSP's receiving

area awaiting transport to court, Defendant Davis placed Plaintiff in restraints.  Id.  The restraints consisted of leg irons around his ankles, a waist chain through his belt loops, handcuffs around his wrists, which were then attached to the waist chain, and a box deadbolted over the handcuffs to prevent access to the keyholes.  Id. at 2–3.  Plaintiff was then taken to court by Defendants Davis and Hitchcock, where he was held in a room with other inmates.  Id. at 3.

Plaintiff was taken to the courtroom, and he pled guilty to certain charges and was sentenced.  Id.  After appearing in court, Defendant Bobbitt was informed by a court official Plaintiff needed to be removed but would have to be brought back to the courthouse for further proceedings later in the day.  Id.  While Defendant Davis and Plaintiff were leaving the courtroom, Defendant Bobbitt informed Defendant Davis Plaintiff had acted inappropriately in court and was disrespectful to the judge.  Id.  Defendant Bobbitt then directed Defendant Davis to take Plaintiff to GSP and leave him restrained.  Id.  Defendant Bobbitt gave this instruction so Plaintiff could be brought back to court quickly.[3]  Id. at 4.  Defendant Bobbitt did not intend or expect Plaintiff to be unable to use the restroom, as he thought Plaintiff would be in a holding cell which had a toilet and running water.  Id.

Defendants Davis and Hitchcock brought Plaintiff back to GSP and placed Plaintiff in a receiving-area cell.  Id.  The cell had a plexiglass wall that allowed Plaintiff to see the area around the receiving booth, as well as a toilet that was behind a door.  Id.  Defendant Davis removed Plaintiff's waist chain, which allowed Plaintiff to move his hands around and pull down

---

[3]    Plaintiff argues he was left in restraints as an act of "deliberate" punishment by Defendant Bobbitt for his role in the riot at Smith State Prison.  Doc. 59 at 2; see also id. at 8 (claiming Plaintiff was left in restraints deliberately for punishment).  However, Plaintiff has provided no support for this assertion.  His unsupported statement is not accepted as true for purposes of summary judgment and does not contradict Defendants' SMF.  See Bouey v. Orange Cnty. Serv. Unit, 673 F. App'x 952, 954 (11th Cir. 2016) (stating plaintiff's "conclusory statement . . . was not enough, absent supporting evidence, to survive the summary judgment standard").

his pants. Id. However, Plaintiff remained otherwise restrained, including handcuffs and the box over the cuffs. Id.

Plaintiff informed Defendant Waynick he needed to use the bathroom and asked for some toilet paper, which Defendant Waynick provided. Id. However, Plaintiff did not use the bathroom because a female prison official came by and he was concerned about being issued a disciplinary report for exposure. Id. at 5.

About an hour later, Defendant Davis returned to the receiving cell and re-attached Plaintiff's waist chain so he was back in full restraints. Id. Then, Plaintiff returned to the transport van with Defendants Davis and Hitchcock and was told they were returning to the courthouse. Id. While on the way to the courthouse, Defendant Davis spoke with Defendant Bobbitt, who informed him Plaintiff would not need to return to court at that time, so they returned to GSP. Id. When Plaintiff got out of the van, he asked Defendant Davis if Defendant Hitchcock would have a key to his restraints. Id. Defendant Davis told Plaintiff a key was not necessary and drove away with the van. Id. Defendant Davis believed a number of people in GSP's receiving area had keys to Plaintiff's restraints. Id. Further, Defendant Davis expected Plaintiff's restraints would be loosened by someone with a key if the need to do so arose. Id. Defendant Davis did not intend or expect Plaintiff would remain restrained in such a way he would be unable to use the restroom. Id. Defendant Davis did not see Plaintiff again that day. Id. a 6.

Defendant Waynick met Defendant Hitchcock and Plaintiff at the gate, and they escorted him to the same cell in GSP's receiving area as before. Id. Plaintiff asked Defendant Hitchcock to remove his restraints, but Defendant Hitchcock did not have a key. Id. Defendant Hitchcock was aware other officers in the receiving area had keys and expected Plaintiff's restraints could

be loosened by one of them if needed.  Id.  Defendant Hitchcock did not intend or expect Plaintiff remain restrained in a way he would be unable to use the restroom.  Id.

Plaintiff then asked Defendant Waynick to remove his restraints so he could go to the bathroom.  Id.  However, Defendant Waynick refused to remove his restraints and accused Plaintiff of lying because he provided Plaintiff toilet paper earlier to use the bathroom.  Id.  While fully restrained, Plaintiff tried to pull down his pants but could not do so because of the waist chain.  Id.  As a result of trying to pull down his pants, Plaintiff's restraints tightened.  Id. at 7.  The handcuffs chafed Plaintiff's wrists and ankles and caused his right wrist to bleed.  Id.  Ultimately, Plaintiff relieved himself in his pants.  Id.

After Plaintiff relieved himself, he spoke with Defendants Woods and Heard.  Id.  Plaintiff asked them to remove his restraints but did not inform them he had defecated because he was uncomfortable discussing this in front of a woman—Defendant Heard.  Id.  Plaintiff did show Defendants Woods and Heard the dried blood on his hands, but they could not assist him because they were dealing with another inmate.  Id.  Plaintiff did not see Defendants Woods or Heard again that day.  Id.

During the time Plaintiff was in the receiving-area cell, Defendant Shuemake was in the receiving booth and in and out of the receiving area.  Id. at 8.  Plaintiff tried unsuccessfully to get Defendant Shuemake's attention.  Id.  Defendant Shuemake was unaware Plaintiff's restraints were so tight he was unable to use the restroom.  Id.

Approximately three hours after Plaintiff defecated, Defendant Hitchcock and another officer placed Plaintiff in his regular cell and removed his restraints.  Id.  An inmate who needs non-emergency medical attention, such as for chafing or cuts, can receive medical attention

6

through the sick call process. Id. The next day, Plaintiff filled out a sick call request form and saw a nurse practitioner, who treated his chafed wrists and ankles. Id.

## DISCUSSION

I. **Legal Standard**

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)). "If the evidence [produced by the nonmoving party] is merely colorable or is not significantly probative summary judgment must be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242 at 249 (1986) (citations omitted).

The moving party bears the burden of establishing there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish there are no "genuine dispute[s] as to any material fact and the movant is entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing the record lacks evidence to support the nonmoving party's case or the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322–23 (1986)). Once the party moving for

summary judgment satisfies its initial burden, the burden shifts to the non-moving party to come forward with specific facts showing a genuine dispute for trial. Hinson v. Bias, 927 F.3d 1103, 1115 (11th Cir. 2019). In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in the light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee County, 630 F.3d 1346, 1353 (11th Cir. 2011).

## II.    Plaintiff's Conditions-of-Confinement Claim

Plaintiff alleges Defendants violated his Eighth Amendment rights by depriving him of the ability to use the bathroom and leaving him in restraints for several hours. Doc. 1; Doc. 59 at 9. Defendants argue they are entitled to summary judgment on Plaintiff's conditions-of-confinement claim because Plaintiff cannot show any Defendant had the subjective awareness required to demonstrate an Eighth Amendment violation. Doc. 55-1 at 8–11.

### A.    Legal Standard

The Eighth Amendment governs the conditions of a prisoner's confinement. Helling v. McKinney, 509 U.S. 25, 31 (1993). Generally, prison conditions rise to the level of an Eighth Amendment violation only when they "involve the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). "To mount a challenge to a condition of confinement, a prisoner must first prove the condition he complains of is sufficiently serious to violate the Eighth Amendment." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004). The prisoner must also show prison officials acted with deliberate indifference to the condition at issue. Id.; Brown v. Pastrana, 446 F. App'x 270, 272 (11th Cir. 2011).

Whether a particular condition of confinement constitutes cruel and unusual punishment is an objective inquiry; whether prison officials were deliberately indifferent to that condition is a

subjective inquiry.  See Wilson v. Seiter, 501 U.S. 294, 298–99 (1991).  "To be deliberately indifferent, a prison official must knowingly or recklessly disregard an inmate's basic needs." LaMarca v. Turner, 995 F.2d 1526, 1535 (11th Cir. 1993).  A defendant's subjective knowledge of the risk must be specific to that defendant because "imputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference . . . .  Each individual Defendant must be judged separately and on the basis of what that person [knew at the time of the incident]." Burnette v. Taylor, 533 F.3d 1325, 1331 (11th Cir. 2008).  To establish an official was deliberately indifferent, "a plaintiff must prove that the official possessed knowledge both of the infirm conditions and of the means to cure that condition, 'so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it.'"  LaMarca, 995 F.2d at 1536 (quoting Duckworth v. Franzen, 780 F.2d 645, 653 (7th Cir. 1985)).

### B.     The Undisputed Facts do not Support Conditions-of-Confinement Claim

Plaintiff has not shown any of the Defendants were deliberately indifferent to his inability to use the bathroom and has not satisfied the subjective component of his claim.  Instead, the undisputed material facts show each Defendant was unaware Plaintiff would remain restrained in such a way as to prevent him from using the bathroom, was unable to remove his restraints, or did not believe he had to use the bathroom.

Defendants Bobbitt and Davis both believed once Plaintiff was placed in the holding cell, a prison official would loosen Plaintiff's restraints if he needed to use the bathroom or for another appropriate reason.  See Doc. 55-2 at 4–6.  Further, there is no evidence Defendant Bobbitt knew Plaintiff needed to defecate and prevented him from doing so.  Plaintiff argues Defendants Bobbitt and Davis are not entitled to summary judgment because the decision to leave him restrained violated the prison's Standard Operating Procedures.  Doc. 59 at 2–3.

However, violations of prison policies or procedures, standing alone, do not infringe upon an inmate's constitutional rights and mere violations of prison policy are insufficient to survive summary judgment. See Fischer v. Ellegood, 238 F. App'x 428, 431 (11th Cir. 2007) (finding plaintiff's claim alleging defendants violated an internal jail policy was insufficient to survive summary judgment). Accordingly, Defendants Bobbitt and Davis are entitled to summary judgment on Plaintiff's claim.

Similarly, while Defendant Hitchcock was aware Plaintiff was restrained and needed to use the bathroom, he did not have keys to Plaintiff's restrains, and, thus, had no means to cure the condition. Id. at 6. Moreover, Defendant Hitchcock knew other prison officials had a key to Plaintiff's restraints and reasonably expected they would loosen Plaintiff's restraints so he could use the bathroom and, like Defendant Bobbitt, was unaware Plaintiff's restraints were cutting him.[4] Id. Thus, Defendant Hitchcock is entitled to summary judgment. See LaMarca, 995 F.2d at 1536 (holding the Eighth Amendment's subjective standard requires the plaintiff prove a prison official possess "both knowledge of the infirm condition and of the means to cure that condition").

Defendants Woods, Heard, and Shuemake are also entitled to summary judgment on Plaintiff's conditions-of-confinement claim, as these Defendants were not aware of his need to use the bathroom. Defendants Woods and Heard spoke with Plaintiff after he relieved himself, but he did not mention his previous need to go to the bathroom or that he defecated in his pants during that conversation. Id. at 7. Likewise, Plaintiff did not speak with Defendant Shuemake at

---

[4] Plaintiff asserts Defendant Hitchcock could have removed his restraints if he so desired but chose not to do so in order to punish Plaintiff. Doc. 59 at 4–5. However, Plaintiff's conclusory assertions are contradicted by Hitchcock's declaration, and, moreover, Plaintiff provides no evidence to support his contentions. Accordingly, these unsupported, conclusory allegations do not demonstrate any dispute of fact for the purposes of summary judgment.

all, and he was totally unaware Plaintiff was being held in restraints or of his need to use the restroom.[5]  Id. at 8.  Moreover, even if Defendants Hitchcock, Woods, Heard, and Shuemake should have known of Plaintiff's condition, this is not enough to withstand summary judgment. Farmer v. Brennan, 511 U.S. 825, 838 (1994) ("[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment."); Campbell v. Sikes, 169 F.3d 1353, 1364 (11th Cir. 1999) (citing Farmer, 511 U.S. at 838) ("Proof that the defendant should have perceived the risk, but did not, is insufficient."); Cottrell v. Caldwell, 85 F.3d 1480, 1491 (11th Cir. 1996) (same).

Finally, when Defendant Waynick initially encountered Plaintiff, he was able to use the restroom without any additional loosening of his restraints.[6]  Doc. 59 at 4.  Additionally, Defendant Waynick provided Plaintiff with toilet paper so he could use the bathroom; however, Plaintiff decided not to relieve himself at that time.  Id.  When Plaintiff asked Defendant Waynick to remove his restraints so he could use the bathroom, for what Defendant Waynick believed was a second time, Defendant Waynick thought Plaintiff was lying and did not know Plaintiff had to use the bathroom or that he had not used it earlier.  Id.  Thus, like the other Defendants, summary judgment is due to be granted to Defendant Waynick because "[a]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for condemnation, cannot under our cases be condemned as the infliction of punishment." Farmer, 511 U.S. at 837-38; LaMarca, 995 F.2d at 1541 (clarifying in order "to demonstrate the

---

[5]     Indeed, Plaintiff acknowledges Defendant Shuemake is entitled to summary judgment.  Doc. 59 at 7.

[6]     Again, Plaintiff's only response to whether Defendant Waynick is entitled to summary judgment is conclusory allegations, unsupported by evidence in the record, which is insufficient for summary judgment.  Doc. 59 at 7.

requisite causal nexus, [defendant] must not only have had the means to correct the alleged constitutional infirmities, but also must have at least recklessly disregarded the inadequacy of the approach he took, the availability of other approaches, and his capacity to provide a cure").

In sum, the record is devoid of evidence showing Defendants held the requisite subjective knowledge.  Carter v. Galloway, 352 F.3d 1346, 1350 (11th Cir. 2003) ("Plaintiff has failed to establish that either Defendant had a subjective awareness of a substantial risk of serious physical [harm] to Plaintiff [from a lack of access to restroom facilities]; thus, Plaintiff has failed to establish a required element of this claim.").  Consequently, summary judgment is due to be granted in favor of Defendants on Plaintiff's condition-of-confinement claims.[7]

## III.     Plaintiff's Deliberate Indifference Claim

Plaintiff also alleges Defendants were deliberately indifferent to his serious medical need—his chafed ankles and wrists and his bleeding right wrist.  Doc. 1; Doc. 59 at 10.  Defendants move for summary judgment on this claim.  Doc. 55-1 at 12–13.

---

[7]     Plaintiff's allegations of a lack of restroom access for several hours also do not meet the Eighth Amendment's objective element.  See Butler v. Dale, No. 12-331, 2013 WL 1364035, at *5 (S.D. Ala. Mar. 11, 2013) (explaining an inmate's temporary inability to access a restroom did not amount to a deprivation of the "minimal civilized measures of life's necessities") (citations omitted); Smith v. Boyd, No. 2:09-cv-1055, 2012 WL 3230646, at *9 (M.D. Ala. July 5, 2012) (holding the Eighth Amendment was not violated when an inmate was denied access to a restroom for several hours while a search was being conducted inasmuch as no injury was suffered); Williams v. Duncan, Case No. 3:15-cv-1126, 2018 WL 3870065, at *7 (M.D. Fla. Aug. 15, 2008) (finding no constitutional violation where plaintiff alleged he was restrained for 16 hours and unable to use the bathroom); Phillips v. Pittman, No. 1:15-CV-110, 2017 WL 3047839, at *4 (N.D. Fla. Mar. 31, 2017), *report and recommendation adopted sub nom.* Phillips v. Keen, 2017 WL 3044758 (N.D. Fla. July 18, 2017) ("Where, as here, the claim is that there was a temporary deprivation of the right to use a restroom, without serious physical harm or a serious risk of contamination, the temporary deprivations does not rise to the level of an Eighth Amendment violation."); cf. Brooks v. Warden Powell, 800 F.3d 1295, 1305 (11th Cir. 2015) (recognizing an Eighth Amendment violation where the plaintiff alleged "he was denied the ability to use the bathroom or clean himself for a full two days" and "he was 'forced to lie in direct and extended contact with this own feces without the ability to clean himself'").

12

## A. Legal Standard

The Supreme Court has interpreted the Eighth Amendment to prohibit 'deliberate indifference to serious medical needs of prisoners.'" Melton v. Abston, 841 F.3d 1207, 1220 (11th Cir. 2016) (quoting Estelle, 429 U.S. at 102). To prove a deliberate indifference to medical treatment claim, a plaintiff must demonstrate: (1) a serious medical need; (2) deliberate indifference to the need; and (3) a causal connection between the constitutional violation and plaintiff's injury. Id. The first element is an objective inquiry. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007). A serious medical need "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (quotation and citation omitted). The second element is a subjective inquiry. Id. To show defendants' deliberate indifference, a plaintiff must prove: "(1) subjective knowledge of a risk of serious harm; (2) a disregard of that risk; (3) by conduct that is more than mere negligence." Melton, 841 F.3d at 1223.

## B. Defendants are Entitled to Summary Judgment on Plaintiff's Deliberate Indifference Claim

Here, there is no dispute Defendants Bobbitt, Davis, Hitchcock, Waynick, and Shuemake lacked any knowledge of Plaintiff's chafed wrists and ankles or the fact his right wrist was bleeding. Indeed, Defendants Bobbitt, Davis, and Shuemake never saw Plaintiff restrained after they returned him to GSP and allegedly started chafing and bleeding. Doc. 55-2 at 4–6, 8. Similarly, the undisputed material facts show Defendants Waynick or Hitchcock were unaware Plaintiff was chafing or bleeding. Therefore, Defendants Bobbitt, Davis, Hitchcock, Waynick, and Shuemake lacked the personal knowledge necessary for Plaintiff to prove a deliberate indifference claim. Melton, 841 F.3d at 1223.

Further, even if Defendants Woods and Heard had some knowledge of Plaintiff's chafed wrists and bleeding wrist, Plaintiff's deliberate indifference claim still fails. The undisputed material facts show Plaintiff's injuries are chafed wrists and ankles and a cut on his right wrist from the restraints. Doc. 55-2 at 7. However, these injuries, requiring only minor treatments, are not a serious medical need for purposes of Eighth Amendment claims. Booker v. Ervin, No. 6:17-cv-15, 2019 WL 1085192, at *3 (S.D. Ga. Mar. 7, 2019); see also Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1188, n.22 (11th Cir. 1994) (stating a delay or even denial of medical treatment for superficial, nonserious physical conditions does not constitute an Eighth Amendment violation), *overruled in part on other grounds by* Hope v. Pelzer, 536 U.S. 730 (2002); Willacy v. County of Brevard, No. 04-cv-1666, 2007 WL 1017657, at *9 (M.D. Fla. Mar. 30, 2007) (holding an inmate suffering numerous lacerations and contusions did not show a serious medical need where he required only a cleaning of his wounds and a tetanus shot). Thus, Plaintiff's deliberate indifference claims against Defendants Woods and Heard also fail, as his medical needs were not objectively serious for purposes of an Eighth Amendment claim.

Accordingly, Defendants are entitled to summary judgment on Plaintiff's deliberate indifference to a serious medical need claim.

### III.   Qualified Immunity

Defendants also argue they are entitled to qualified immunity because they were performing discretionary functions as government officials and their conduct did not violate "clearly established law." Doc. 55-1 at 13–15. Plaintiff offers no specific response to Defendants' qualified immunity argument. Instead, Plaintiff's briefing is limited to rhetorical argument unsupported by citations to the record, stating Defendants in fact violated his constitutional rights. Doc. 59.

Qualified immunity shields officials from civil liability so long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Crocker v. Beatty, No. 18-14682, 2021 WL 1540665, at *1 (11th Cir. Apr. 20, 2021) (citing Mullenix v. Luna, 577 U.S. 7, 11 (2015)). When qualified immunity applies, it is "an immunity from suit rather than a mere defense to liability." Id. (citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). The doctrine shields "all but the plainly incompetent or those who knowingly violate the law." Id. (citing Gates v. Khokhar, 884 F.3d 1290, 1296 (11th Cir. 2018)).

"To receive qualified immunity, the officer must first show that he acted within his discretionary authority." Id. (citing Lewis v. City of W. Palm Beach, 561 F.3d 1288, 1291 (11th Cir. 2009)). Where it is undisputed the officer was acting within her discretionary authority, it falls to the plaintiff to "show that qualified immunity should not apply." Id. To do so, the plaintiff must allege facts establishing both the officer violated a constitutional right, and the relevant right was "clearly established" at the time of the alleged misconduct. Id. (citing Jacoby v. Baldwin County, 835 F.3d 1338, 1344 (11th Cir. 2016)). The court considering the issue may address either prong or both. Id. (citing Pearson v. Callahan, 555 U.S. 223, 231 (2009)).

On the second prong, only decisions of the United States Supreme Court, the Eleventh Circuit Court of Appeals, or the highest court in a state can "clearly establish" the law. Id. (citing Gates, 884 F.3d at 1296). Because only clearly established law gives an officer "fair notice that her conduct was unlawful," the Supreme Court has held the contours of the constitutional right at issue "must be sufficiently clear [so] that a reasonable official would understand that what he is doing violates that right." Id. (citing Brosseau v. Haugen, 543 U.S. 194, 198 (2004), and then citing Hope v. Pelzer, 536 U.S. 730, 739 (2002)).

15

Under the Eleventh Circuit precedent, a right can be clearly established in one of three ways.  Id.  The plaintiff must point to either: (1) "case law with indistinguishable facts," (2) "a broad statement of principle within the Constitution, statute, or case law," or (3) "conduct so egregious that a constitutional right was clearly violated, even in the total absence of case law."  Id. (citing Lewis, 561 F.3d at 1291–92).  Although options two and three can suffice, the Supreme Court has warned the courts not to "define clearly established law at a high level of generality."  Id. (citing Plumhoff v. Rickard, 572 U.S. 765, 779 (2014)).  Therefore, the second and third paths are "rarely-trod ones."  Id. (citing Gaines v. Wardynski, 871 F.3d 1203, 1209 (11th Cir. 2017)).  And when a plaintiff relies on a "general rule" to show the law is clearly established, the rule must apply with "obvious clarity to the circumstances."  Id. (citing Long v. Slaton, 508 F.3d 576, 584 (11th Cir. 2007), and then citing Youmans v. Gagnon, 626 F.3d 557, 563 (11th Cir. 2010) ("[I]f a plaintiff relies on a general rule, it must be obvious that the general rule applies to the specific situation in question.")).

Plaintiff does not contest Defendants were acting within their respective discretionary authorities.  Indeed, it is undisputed Defendants were acting as correctional officers at GSP at the time of the incident in question.  Doc. 55-1 at 14.

Even assuming Plaintiff's constitutional rights were violated, he has failed to present any argument the right was clearly established.  As explained above, the burden is on Plaintiff to demonstrate the right was clearly established at the time of the alleged violation.  See Pearson, 555 U.S. at 232.  Plaintiff needs to show there is case law binding in the Circuit that clearly establishes a constitutional right.  See Plumhoff v. Rickard, 527 U.S. 765, 780 (2014) ("[R]espondent has not pointed us to any case—let alone a controlling case or a robust consensus of cases . . . that could be said to have clearly established the unconstitutionality of using lethal

16

force to end a high-speed car chase."). Plaintiff has not cited to any cases to clearly established law. Moreover, courts confronted with similar or more egregious facts than the situation presented here have found no constitutional violations. See sources cited supra note 7.

Consequently, even if Defendants violated Plaintiff's constitutional rights, Defendants were not on notice they were violating clearly established law when they allegedly left him in restraints, unable to use the bathroom and without treatment for chafing and minor cuts on his wrist for several hours. Therefore, qualified immunity bars Plaintiff's claims against Defendants. Accordingly, Defendants are entitled to summary judgment, and I **RECOMMEND** the Court **GRANT** Defendants' Motion for Summary Judgment.

## IV.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues now. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'" Moore v. Bargstedt, 203 F. App'x

321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims and Defendants' Motion for Summary Judgment, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

Because Plaintiff has not presented a genuine issue of material fact, I **RECOMMEND** the Court **GRANT** Defendants' Motion for Summary Judgment. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint or an argument raised in a filing must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed

findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 28th day of June, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA